HEIRS OF TORRES, PLAINTIFFS AND APPELLANTS, *v.* TORRES ET AL., DEFENDANTS AND APPELLEES.

APPEAL from the District Court of Ponce in an Action of Ejectment.

No. 2283.—Decided July 26, 1921.

HEIR—EVIDENCE.—When the plaintiff bases his cause of action on the fact that he is an heir he is not required to produce a previous declaration of heirship at the trial in proof of that status.

EJECTMENT—TAX-SALE TITLE.—When the action of ejectment is not subordinate to a previous judgment annulling the defendant's title, as in this case where the plaintiff was the owner with a recorded title and the defendant's title originated in a tax sale which was clearly null and void, the plaintiff is not bound to bring a previous action for the annulment of the defendant's title in order to recover in ejectment.

ID.—RECORD OF TITLE—THIRD PERSON.—If the title asserted by the real owners was already recorded when a third person recorded his title the latter is not protected by section 34 of the Mortgage Law.

The facts are stated in the opinion.

*Mr. E. Flores Colón* for the appellants.

*Mr. F. Parra Capó* for the appellees.

Mr. Justice Wolf delivered the opinion of the court.

The opinion of the court recites in effect that the complaint was directed against a number of defendants of whom all defaulted except the Santa Isabel Sugar Company; that there was a trial at which the identity of the property sought to be revendicated was admitted; that there was no evidence of fruits or products and the court found that the complainants had failed to prove that they were the sole and universal heirs of Balbina Torres y Negrón. She was the admitted owner of the property the object of the suit. The court went on to say that while the complainants presented various certificates from the civil registry they did not present all the proof necessary for a declaration of heirship. Likewise the court found that the action of revendication did not lie without a previous suit of nullity of titles. The defendant claimed through a chain of conveyances, the first link of which was a deed of sale arising out of a default in the payment of taxes. The appellees did not appear in this court and filed no brief.

Now, while we agree with the court below that the complainants did not comply with the requisites for a declaration of heirship, we have several times said that in adversary suits such a compliance is not necessary. *Morales v. Landrau,* 15 P. R. R. 761; *Soriano v. Rexach,* 23 P. R. R. 531. It is sufficient that the complainants show that they are the heirs, for anyone claiming under a will could set it up at the trial. *Prima facie,* the heirs of a man succeed to his estate from the moment of his death. Civil Code, section 669.

In this case, however, an examination of the record reveals that only three children clearly proved that they were heirs, but these three by themselves had some rights and perhaps might even be considered to represent the succes-

sion. The evidence does not clearly disclose who were the heirs, or that the persons named in the complaint were all the heirs.

We also agree with the appellants that they were not bound to ask the cancellation of the alleged outstanding title in the defendant. They proved a recorded title in their ancestor. The original alleged title was a sale for taxes. The purchaser obtained a dominion title thereafter. Balbina Torres was dead at the time of the alleged sale for taxes and no notice of the proceedings out of which the tax deed or the dominion title arose was ever given to her heirs, the real owners. Hence, the tax title was entirely void and the right of complainants depended in no way on the cancellation or nullity of said tax title. Section 342 of the Political Code; *Agostine* v. *Philippi,* 16 P. R. R. 630; *Oliver* v. *Oliver,* 23 P. R. R. 168.

Appellants also say that the defendants can not rely on the defence of being third persons, because that defence was not alleged. Likewise, as complainants' title was previously recorded, section 34 of the Mortgage Law would not avail the defendant. We agree with the appellants on both propositions.

Being of the opinion that at least three of the children offered evidence tending to show that they were forced heirs of Balbina Torres, the judgment should be reversed and sent back for suppletory proofs with regard to the other heirs, and for other proceedings not inconsistent with this opinion.

*Reversed and remanded.*

Chief Justice Hernández and Justices Del Toro, Aldrey and Hutchison concurred.